**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:19-cv-02750-RM-GPG

JODI LARSON,

    Plaintiff,

v.

HANSEN CONSTRUCTION INC.,

    Defendant.

---

**ORDER**

---

This employment discrimination case is before the Court on the recommendation of United States Magistrate Gordon P. Gallagher (ECF No. 33) to grant Defendant's motion to dismiss (ECF No. 29). Plaintiff objects to the recommendation (ECF No. 34), and Defendant has filed a response to her objection (ECF No. 36). The Court overrules the objection and accepts and adopts the recommendation, which is incorporated herein by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.    LEGAL STANDARDS**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under

any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

Plaintiff proceeds pro se; thus, the Court construes her pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot act as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Plaintiff was fired from her job with Defendant on July 9, 2018. She did not file a charge of discrimination with the Equal Employment Opportunity Commission until May 30, 2019. Based on these undisputed facts, the magistrate judge determined that her filing was untimely. The magistrate further determined that there was no basis to apply equitable tolling, for which Plaintiff did not even argue.

### III. ANALYSIS

An employee such as Plaintiff who wishes to challenge her termination under Title VII of the Civil Rights Act of 1964 must file a charge of discrimination with the EEOC within 300 days after the allegedly unlawful termination. *See McDonald v. Sch. Dist. No. 1*, 83 F. Supp. 3d 1134, 1140 (D. Colo. 2015). "If the alleged unlawful incident occurs outside the 300-day window, a plaintiff will 'lose the ability to recover for it.'" *Id.* at 1141 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002)). That is precisely what happened here. Nothing in Plaintiff's objection states otherwise. Nor does Plaintiff meaningfully address the magistrate judge's determination that equitable tolling does not apply here. Under these circumstances, Defendant is entitled to prevail on its motion to dismiss.

### IV. CONCLUSION

Therefore, the Court OVERRULES Plaintiff's objection (ECF No. 34), ACCEPTS and ADOPTS the recommendation (ECF No. 33), and GRANTS the motion to dismiss (ECF No. 29). The Court DENIES AS MOOT Plaintiff's pending motion for reconsideration of the Court's denial of her motion to appoint a free attorney (ECF No. 37). The Clerk is directed to CLOSE this case.

DATED this 28th day of August, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge