IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-02750-RM-GPG

JODI LARSON,

    Plaintiff,

v.

HANSEN CONSTRUCTION INC.,

    Defendant.

___

**ORDER**
___

    Final judgment in this employment discrimination case was entered in Defendant's favor on August 28, 2020, when this Court entered an order accepting the magistrate judge's recommendation to dismiss this case because Plaintiff failed to timely file a charge of discrimination with the Equal Employment Opportunity Commission. Before the Court is Plaintiff's post-judgment motion objecting to that order. (ECF No. 41.)

    The Court construes Plaintiff's pleading as a motion for relief under Fed. R. Civ. P. 59(e) or 60(b).[1] Grounds for granting relief under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012). But a Rule 59(e) motion "cannot be used to expand a judgment to encompass new

---

[1] Plaintiff proceeds pro se; thus, the Court construes her pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot act as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

issues which could have been raised prior to issuance of the judgment." *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 536 (10th Cir. 2016) (quotation omitted). Grounds for granting relief under Rule 60(b) are:

>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191-92 (10th Cir. 2018).

Plaintiff's motion fails to establish any of the grounds for relief stated above. She does not argue there has been any intervening change in the controlling law or offer new evidence that was previously unavailable. Nor has she shown a need to correct clear error or prevent manifest injustice. Although she repeatedly refers to an April 2019 charge filing date, she identifies no evidence to support it. Nor has she articulated a coherent basis for relief under Rule 60(b). Instead, large portions of her rambling and disjointed motion are devoted to making unsubstantiated allegations of "tax preparer fraud" against her former employer. (*See* ECF No. 41 at 6.) There are also numerous references to "digital twin computing," a concept that is

unexplained. (*See id.* at 1.) Elsewhere, the pleading poses questions that the Court is simply at a loss to answer, such as "[i]s our government being taken over by Aspen?" (*Id.* at 2.) In any event, to the extent the motion discusses the underlying lawsuit based on her allegedly unlawful termination, the Court discerns no grounds for reconsidering, altering, or amending its prior order.

Therefore, the Court DENIES Plaintiff's motion (ECF No. 41), and this case remains CLOSED.

DATED this 12th day of November, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge